**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

DAVID WALKER                                                                                       PLAINTIFF
ADC #139638

V.                                           NO: 4:13CV00452 KGB/HDY

ANDY SHOCK *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff David Walker, a former Faulkner County Detention Center detainee, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on August 7, 2013. On August 23, 2013, Defendants Sheriff Andy Shock, Maj. John Randall, Capt. Lloyd Vincent, and Faulkner County, Arkansas, filed a motion to dismiss, along with a brief in support (docket entries #7 & #8). In response, Plaintiff filed a motion to stay (docket entry #15). That motion was denied, and Plaintiff was granted additional time to respond (docket entry #18). Plaintiff has offered no further response.

### **I. Standard of review**

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, Defendants violated his constitutional rights when they refused to give him his mail, but rather placed it with his property, because the senders wrote in blue ink. Defendants assert that Plaintiff has failed to state a claim for relief because such actions have previously been found to not be a constitutional violation. In support of their motion, Defendants cite *Travis Philmlee v. Karl Byrd et al.*, ED/AR No. 4:10CV221. *Philmlee* involved, among other things, an allegation that Faulkner County Detention Center officials refused to give the detainee letters which were written in colored ink, because colored ink can be used as a vehicle to send detainees drugs. Relying on *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985), the undersigned concluded that the detention center's policy was reasonable, and was not a constitutional violation. That determination was adopted by now Chief United States District Judge Brian S. Miller, who dismissed the complaint. The facts of this case are essentially the same as those in *Plilmlee*, involve officials from the same detention center, and Plaintiff has failed to offer

3

any analysis to distinguish his situation from that in *Philmlee*. Accordingly, Defendant's motion should be granted, and Plaintiff's complaint should be dismissed. *See Goff v. Burton*, 91 F.3d 1188, 1192 (8th Cir. 1996)(affirming district court ruling taking judicial notice of prison policies). [1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #7) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  2   day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In his motion to stay, Plaintiff suggests that he is entitled to relief because detention center policy was not followed with respect to the objectionable mail. However, any failure to follow detention center policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).